Matthias, J.
The question presented by the petition in error grows out of the entry of affirm *397 anee by the court of appeals, the portion of which essential to be here stated is as follows:
“The court being fully advised in the premises, finds that there is no error upon the record or proceedings in said cause prejudicial to the plaintiff in error, but two judges of said court of appeals find that the verdict and judgment of the court of common pleas are excessive to the extent of $2,680.00, and one of said judges so finding, also finds that said judgment should be modified by being reduced to $10,000.00, and as so modified, should be affirmed. The other of said judges so finding the judgment and verdict to be excessive, further finds that the defendant in error should be given an opportunity to remit all of said judgment in excess of $10,000.00, and that if the defendant in error fails to do so, then said judgment should be reversed. Said two judges further find that such part of said judgment and verdict as is in excess of $10,000.00 is not sustained by sufficient evidence. The court further finds unanimously that no part of the damages allowed by the'jury as shown by their verdict, was the result of passion or prejudice on the part of the jury.
“The court, however, further finds unanimously that under the provisions of Section 6, Article 4, of the Constitution of Ohio, as amended September 3, 1912, the court has no power to reverse said judgment, in whole or in part, on the ground that said verdict and judgment are not sustained by sufficient evidence, or to require a remittitur of any part of said judgment, except by the concurrence *398 of all the judges of said court; to which finding the plaintiff in error duly excepted.
“And the court further finds that by reason of the provisions of Section 11364 G. C. and Section 6, Article 4, of the Constitution of Ohio, said record shows upon its face that by the proceedings in the court below substantial justice has been rendered to both parties herein.”
By reason of this case involving the constitutional question indicated in the entry above quoted, the petition in error was filed in this court and a reversal of the judgment of the court of appeals sought.
Thereafter, on January 12, 1915, a supplement to the petition in error was filed in this court, together with a journal entry of the court of appeals showing a finding by said court and all of the judges thereof that the judgment upon which they agreed herein, “and which was entered herein at this term, to-wit, on the 6th day of July, 1914, in so far as it finds and adjudges that two judges of the court, without the concurrence of the other judge, did not have the power to modify the judgment of the court of common pleas as to amount on the weight of the evidence, or to reverse the same on the weight of the evidence, on the ground that the verdict was excessive in amount, in conflict with the judgment pronounced upon the same question by the court of appeals sitting in Hamilton county, Ohio, on March 21, 1914, in the case of John R. Sayler, executor, etc., et al., plaintiffs in error, vs. Lucy E. Sellers, defendant in error.
*399 “And it is accordingly ordered by the court and by all the judges thereof that the record in this cause be, and it is hereby certified to the supreme court of Ohio for review and final determination of this question.”
The plaintiff in error would have the right to file this case in this court within the rule prescribed in Crawford et al. v. Weidemeyer et al., post, 461, and the case having previously been filed as one involving a constitutional question, it follows that it may also be presented upon such certificate of conflict by a supplemental petition in error.
This case, then, comes into this court because it involves a constitutional question and also because of conflict found to exist between the judgments of two courts of appeals. By both methods, however, the same question is presented, to-wit: May two judges of the court of appeals, upon finding that the judgment based upon the verdict of a jury, assessing damages for personal injury, is such in amount that it is not supported by the weight of the evidence, and therefore excessive, in the absence of consent of the parties, modify the judgment?
The plaintiff, in the trial court, claimed to have suffered not only serious but permanent injury, and evidence was adduced as to the permanency of such injuries, which tended to show that they were of such a nature as to permanently disable the plaintiff and disqualify him to do work and earn a livelihood. The evidence adduced upon the trial as to the nature and extent of the injuries suffered by the plaintiff was such as to require weighing to *400 determine the amount of money necessary to fairly compensate him for the loss occasioned by reason of such injury, and a conclusion that the verdict is excessive was necessarily reached by first ascertaining what amount should have been allowed. From both of the entries of the court of appeals, above quoted, it clearly appears that such was the process which resulted-in the conclusion of the two judges that the verdict of the jury was excessive.
If the coUrt of appeals from an examination of the printed record may weigh the evidence, which involves also the determination of the credibility of the various witnesses, and therefrom reach a conclusion as to the nature and extent of the injuries suffered by plaintiff and fix the amount of money which, in its opinion, will reasonably compensate him for his loss, the court will have usurped the functions of the jury. Time and money will have been uselessly expended in trying the case to the jury if these controlling questions of fact are not to be there settled but are to be considered and determined by the reviewing court.
Under the provisions of the constitution cited in the entry of the court of appeals a judgment cannot be reversed upon the weight of the evidence except by the concurrence of all the judges, and in that event the case must be remanded for a new trial. Though all the judges concur in a finding that a verdict is against the weight of the evidence, the reviewing court is not authorized to render final judgment, nor is it authorized, from a consideration of the weight of the evidence, to enter a *401 judgment different in amount from the judgment reviewed.
If the verdict is found to be excessive, appearing to have been induced by passion or prejudice, it is the duty of the reviewing court to reverse and remand for a new trial. The province of the jury is invaded if, instead of so doing, the judges of the reviewing court substitute their own verdict for the verdict of the jury. Surely there is manifested in the constitutional provision above cited no purpose to confer any power upon the reviewing court that would lead to such a result.
In this case the court of appeals expressly found “unanimously that no part of the damages allowed by the jury as shown by their verdict, was the result of passion or prejudice on the part of the jury,” and that “said record shows upon its face that by the proceedings in the court below substantial justice has been rendered to both parties herein.”
We do not question the power of the court of appeals or of two judges thereof to modify a judgment of the court of common pleas upon any ground which does not involve a consideration of the weight of the evidence. Such cases are of frequent occurrence. Indeed, the reported decision of the court of appeals of Hamilton county in the case with which this judgment was found to be in conflict appears to be one of the type suggested. The modification which the two judges found should be made in the judgment of the court of common pleas, the case having been submitted to the court *402 without a jury, arose, not from a consideration of the weight of the evidence, but from a conclusion that as a matter of law a sum theretofore paid the plaintiff should have been credited and deducted from the claim sued upon.
From the considerations above stated it follows that the court of appeals was right, in the instant case, in refusing to enter a modification of the judgment of the court of common pleas.
Numerous errors were assigned in the trial of this case in the common pleas, the one chiefly urged, however, being that the trial court should have directed a verdict in favor of the defendant upon the ground that there was no evidence showing any negligence on the part of the motorman operating the street car. We deem an analysis of the evidence adduced upon the trial unnecessary. There was evidence tending to show inattention upon the part of the motorman and failure to give warning as well as failure to have his car under proper control; and there was evidence tending to show that at the time plaintiff drove upon the track the street car was then at sufficient distance that plaintiff could safely have crossed the track in front of the car, if it had been operated with due care. The evidence in the record discloses that the car caught the rear wheel of the wagon in which the plaintiff was riding. There was such evidence upon the issue of negligence of the defendant and contributory negligence of the plaintiff as required a submission of the case to the jury, under proper instructions by the court, and therefore the refusal to direct a verdict in favor of the defendant was not error. Nor was *403 there error prejudicial to the plaintiff in error, either in the admission or rejection of evidence, or in the instructions given, or in the refusal of the trial court to give instructions requested. Complaint is made of the conduct of counsel for plaintiff in the trial court, and it is urged that the defendant was thereby deprived of its constitutional right to remedy by due course of law and that a new trial should be granted because of such conduct. The record does disclose several instances of manifestation of asperities of counsel rather indicative of an absence of that courtesy which ought to rule the conduct of counsel and of that decorum which should prevail in the trial of cases, but we cannot conclude that any statements or actions of counsel, so far as disclosed by the record, in anywise resulted prejudicially to the plaintiff in error.
The defendant in error filed an answer and cross-petition in error, bringing to the court’s attention the action of the court of common pleas granting a new trial in this case as the result of an independent proceeding there instituted subsequent to the disposition of the error proceeding by the court of appeals, and asks this court to pass upon the validity of that judgment; but obviously such proceeding cannot be brought directly to this court for review.
The judgment of the court of appeals is in all respects affirmed.

Judgment affirmed.

Nichols, C. J., Johnson, Wanamaker and Newman, JJ., concur.